IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Monge, Joe Jesse and | ) | Case No. 09-30881-LEK |
| wife Rosana Elena, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| El Paso Area Teachers Federal | ) | |
| Credit Union, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| Monge, Joe Jesse and | ) | |
| wife Rosana Elena, | ) | |
| | ) | |
| Respondents. | ) | |

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### AGAINST PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTION 362(d)
### (WITH WAIVER OF THIRTY DAY HEARING REQUIREMENT)

TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:

Comes now El Paso Area Teachers Federal Credit Union ("Teachers") a secured creditor and party in interest in this Chapter 11 proceeding, and files its Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. Section 362(d)(1) and (2) (With Waiver of Thirty Day Hearing Requirement) (the "Motion for Relief"), and would respectfully show the Court as follows:

> THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN FIFTEEN DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

EPATFCU/Monge - Motion for Relief from Automatic Stay - Page 1
{1001.06/CMIR}

## I. Factual & Procedural Background

1. This Motion is brought pursuant to Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure to obtain relief from the automatic stay provision of 11 U.S.C. Section 362(a) pursuant to 11 U.S.C. Section 362(d).

2. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. Sections 1334 and 157, and 11 U.S.C. Sections 361-363.

3. The Debtors initiated this proceeding by filing a Petition for Relief under Chapter 11 of the United States Bankruptcy Code on 04/27/2009.

4. Teachers is a secured creditor of the Debtors by virtue of being the holder of the following instruments:

    - Retail Installment Sale Contract Simple Finance Charge Account No. XXXXXXXX dated 06/14/2005 for the purchase money financing of a 2005 Hyundai Sonata VIN #KMHWF25S85A187385 (the "Hyundai" and/or "Hyundai Contract"). The Hyundai Contract provides for –

        | | |
        |---|---|
        | Original Principal Balance: | $25,735.38 |
        | Interest Rate: | 5.90% |
        | Monthly Payment: | $389.93 |
        | Per Diem: | $1.61 |
        | Payments Commencing: | 07/29/2005 |
        | Term: | 66 months |
        | Current Balance (05/18/2009): | $9,979.90 |
        | Unpaid Accrued Interest (05/18/2009): | $280.54 |
        | Retail Value: | $6,875.00 |
        | Balance on Petition Date (POC): | $9,979.90 (not filed yet) |

        Texas Certificate of Title dated 06/14/2005 showing Teachers as Lienholder.

5. The Debtors have not made any payments on the Hyundai Note since September 2008, and are currently due for October 31, 2008. Thus, on the Petition date of April 27, 2009, the Debtors were in arrears at least six (6) if not

seven (7) payments to Teachers. Current prepetition arrearages are approximately $2,729.51.

6. As this is not a Chapter 13 proceeding, there is no proposed Chapter 13 Plan providing for adequate protection pending confirmation, nor the possibility of a Plan being confirmed within the next 120 days providing for repayment of Teacher's secured claim.

7. Moreover, the first postpetition payment was due on April 29, 2009 but has not been tendered as of the date of this Motion. Moreover, the payment due for May 29, 2009 has not been tendered either.

8. Teachers opposes the continuing use of the Hyundai without the payment of adequate protection consisting of at least the full contractual payment tendered monthly during the postpetition preconfirmation period.

## II. Relief Requested

9. Teachers would show that cause exists under Section 362(d) to terminate the automatic stay. Specifically:

    a. Teachers would show under 11 U.S.C. Section 362(d)(1) that the failure to maintain postpetiton payments constitutes cause and lack of adequate protection for the Debtors' continuing use of the Hyundai.

    b. Teachers would show under 11 U.S.C. Section 362(d)(2) that the Debtors do not have equity in the Hyundai and that it is not necessary to an effective reorganization.

10. Only to the extent that Teachers may be oversecured or fully-secured, it would request that the Court allow it to recover its attorney's fees in the amount of $500

and expenses in the amount of $150 (statutory filing fee) incurred in having to prosecute this Motion for Relief.

11. After the Hyundai has been foreclosed upon Teachers requests that it be allowed a claim against the Debtors in the amount of any deficiency, as well as any other claims it holds against the Debtors, and that it be allowed to pursue Debtors for the deficiency through their eventual Chapter 11 Plan.

12. Teachers waives the thirty (30) day hearing requirement and requests that this matter be set on this Court's next available Docket in El Paso, Texas.

WHEREFORE, PREMISES CONSIDERED Teachers requests that upon final hearing of this Motion, the Court enter an Order which provides for:

A. Terminating the automatic stay to the extent necessary to allow Teachers to repossess the Hyundai as described in this Motion and then foreclose its security interest in the Hyundai;

B. Maintaining this contested proceeding on file until foreclosure of the Hyundai has been completed, the sale proceeds have been applied to the claim, and the deficiency and reasonable attorney's fees have been determined;

D. Allowing Teachers to take action against the Debtors to collect the deficiency, as well as any other claims held by Teachers against the Debtors either directly or through their Chapter 11 Plan; and

E. Providing Teachers such further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED,

The Law Firm of
    Carlos A. Miranda III, P.C.

_____
Carlos A. Miranda III, Esq.
5915 Silver Springs, Bldg. 3A
El Paso, Texas 79912
(915) 587-5000
(915) 587-5001 (fax)
cmiranda@mirandafirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this, the ___ day of May 2009, this Motion for Relief from Automatic Stay was sent via U.S. First-Class Mail, to the Parties listed below:

_____
Carlos A. Miranda III, Esq.

**United States Trustee:**
Office of the United States Trustee
P.O. Box 1539
San Antonio, Texas 78295

**Counsel for Debtors:**
Sidney J. Diamond
3800 N. Mesa
Suite C-4
El Paso, Texas 79902

**Movant:**
El Paso Area Teachers
Federal Credit Union
ATTN: Linda Aldeis, Collection Mgr
12020 Rojas Drive
El Paso, Texas 79936

**Debtors:**
Joe Jesse & Rosana Elena Monge
51 Sierra Crest Drive
El Paso, TX 79902