IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| JOE JESSE MONGE, dba § | |
| J AND M CORPORATION, dba § | |
| MONROJ CORPORATION, dba § | |
| ONE TWO THREE BAR & GRILL, dba § | |
| NORTH EAST PATRIOT, dba § | |
| J AND M BUILDERS, INC., dba § | |
| MONROJ INVESTMENTS, INC and § | |
| ROSANA ELENA MONGE § | |
|     DEBTORS, § | CHAPTER 11 |
| § | CASE NO. 09-30881-lmc |
| NEW CENTURY MORTGAGE § | |
| CORPORATION § | |
|     MOVANT, § | |
| § | |
| vs. § | |
| § | |
| JOE JESSE MONGE and § | |
| ROSANA ELENA MONGE § | |
|     RESPONDENTS, § | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY
OF THE ESTATE AND WAIVER OF THIRTY-DAY REQUIREMENT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    Comes now, New Century Mortgage Corporation, its assignees and/or successors in interest, hereinafter referred to as "Movant", and makes this Motion for Relief from Stay Against Property of the Estate of Debtors, Joe Jesse Monge and Rosana Elena Monge, hereinafter referred to as "Respondents" pursuant to Section 362(d) of the Bankruptcy Code, and as grounds therefore would respectfully show the Court as follows:

  THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

    **IF NO TIMELY RESPONSE IS FILED WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

    **A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

1. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Section 362(d).

2. That on or about April 27, 2009, the above named Debtors filed their Chapter 11 Petition in Bankruptcy with this Court.

3. Movant is the current payee of an adjustable rate note dated August 8, 2006 in the principal amount of $484,000.00 ("Note" herein) secured by a first deed of trust of same date ("Trust Deed" herein) upon property generally described as **51 Sierra Crest Drive, El Paso, Texas** set forth in the Trust Deed ("Property" herein).

4. Movant will seek leave of Court to specify any further encumbrances against the subject Property at the time of trial/hearing.

5. With respect to Movant's Trust Deed, the following is due and owing:

| | |
|---|---|
| Unpaid Principal Balance: | $ 476,248.68 |
| <u>Arrearages:</u> | |
| Monthly Payments from November 1, 2008 through December 1, 2008 at $5,671.40 | $ 11,342.80 |
| Monthly Payments from January 1, 2009 through July 1, 2008 at $5,029.86 | $ 35,209.02 |
| Attorneys' Fees | $ 950.00 |
| Total Delinquencies | $ 47,501.82 |

6. Movant has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed; however, Movant is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

7. This Movant is informed and believes, and based upon such information and belief, alleges that absent this Court's Order allowing this Movant to proceed with the pending foreclosure, Movant's security will be significantly jeopardized and/or destroyed.

8. There is currently a second trust deed upon the Property in favor of Countrywide Home Lending. The present unpaid principal balance of said note is approximately $119,277.00.

9. The commercially reasonable value of the Property is approximately $592,847.24, as evidenced by the Debtors' Schedules A and D.

10. Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in the foreclosure of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

11. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Section 362(d).

12. Movant, by and through its attorney, waives the holding of a hearing within thirty (30) days of the filing of the Motion for Relief from Automatic Stay.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Trust Deed, and to sell the subject Property under the terms of said Trust Deed, including necessary action to obtain possession of the Property.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For an Order allowing New Century Mortgage Corporation Movant, through its servicing agent BAC Home Loans Servicing, LP to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. New Century Mortgage Corporation, Movant, through its servicing agent BAC Home Loans Servicing, LP , may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

4.) For attorneys' fees and costs of suit incurred herein.

5.) For an Order waiving the 10-day stay described by Bankruptcy Rule 4001(a)(3).

6.) For such other relief as this Court deems appropriate.

DATED this 5TH day of August 2009.

                                              **THE COREA FIRM, P.L.L.C.**

                                              /s/ Jeremiah B. Hayes
                                              Jeremiah B. Hayes
                                              Texas State Bar No. 24048532
                                              1201 Elm St., Suite 4150
                                              Dallas, Texas 75270
                                              Telephone: 214.953.3900
                                              Facsimile: 214.953.3901
                                              Attorney for New Century Mortgage Corporation

## CERTIFICATE OF CONFERENCE

    This is to certify that I, Jeremiah B. Hayes, on the 5th day of August 2009, attempted to resolve the dispute underlying the foregoing motion for order granting relief from automatic stay on the Debtors by telephoning Debtors' counsel to contact me to resolve the issues set forth in said motion. The result of such efforts is that Debtors' counsel has not contacted me and, consequently, no arrangements have been made to resolve the disputed issues, thus necessitating the filing of the instant motion.

                                              /s/ Jeremiah B. Hayes
                                              Jeremiah B. Hayes

## CERTIFICATE OF SERVICE

I hereby certify on the 5th day of August 2009, I deposited in the U.S. Mail, for first class delivery, a copy of the foregoing motion for order granting relief from automatic stay on the Debtors to the following:

**DEBTORS:**
Joe Jesse Monge
51 Sierra Crest Drive
El Paso, Texas 79902

Rosana Elena Monge
51 Sierra Crest Drive
El Paso, Texas 79902

**DEBTOR'S COUNSEL:**
Sidney J. Diamond, Esquire
3800 North Mesa C-4
El Paso, TX 79902

/s/ Jeremiah B. Hayes
Jeremiah B. Hayes, Esq.