**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **JOE JESSEE MONGE and ROSANA ELENA MONGE,** | **CASE NO. 09-30881** |
| Debtors. | **CHAPTER 11** |

**JOE JESSE MONGE AND ROSANA ELENA MONGE'S**
**PLAN OF REORGANIZATION, DATED APRIL 8, 2010**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Joe Jesse Monge and Rosana Elena Monge, (the "Debtors") from cash flow from future income of the Debtors.

This Plan provides for 14 classes of secured claims; 1 classes of unsecured claims; and no classes of equity security holders. Unsecured creditors holding allowed claims are addressed in class 14 and will be paid in full over a period of 5 1/2 years. This Plan also provides for the payment of administrative and priority claims to be paid in full on the Effective Date or to the extent permitted by the Code or the claimant's agreement, with the exception of Debtors' counsel. The Debtors estimate that fees and expenses of their counsel, who has agreed to be paid in 12 equal monthly installments

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01    Class 1.    The claim of Bill Isaac, to the extent allowed as a secured claim under § 506 of the Code.

**PLAN OF REORGANIZATION**, Page - 1
**100401 Plan of Reorganization.wpd**

| | | |
|---|---|---|
| 2.02 | Class 2. | The claim of Countrywide Home Lending, to the extent allowed as an secured claim under § 506 of the Code. |
| 2.03 | Class 3. | The claim of the City of El Paso Tax Assessor/Collector, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | Class 4. | The claim of the City of El Paso Tax Assessor/Collector, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | Class 5. | The claim of the Countrywide Home Lending, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 | Class 6. | The claim of Dona Ana County, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.07 | Class 7. | The claim of the El Paso Area Teachers Federal Credit Union, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.08 | Class 8. | The claim of the Hudspeth Appraisal District, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.09 | Class 9. | The claim of the New Century Mortgage Corp, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.10 | Class 10. | The claim of the Onyx Acceptance Corp, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.11 | Class 11. | The claim of the State of New Mexico, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.12 | Class 12. | The claim of Vacation Break Resorts & Club, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.13 | Class 13. | The claim of the Wyndam Vacation Resorts, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.14 | Class 14. | The claim of the Wyndam Vacation Resorts to the extent allowed as a secured claim under § 506 of the Code. |
| 2.15 | Class 15. | Unsecured claims allowed under § 506 of the Code. |
| 2.16 | Class 16. | The interests of the individual Debtors in property of the Estate. |

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
# U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims.</u> Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03 <u>Priority Tax Claims.</u> Each Holder of an Allowed Priority Tax Claim arising before the Petition Date shall be paid in equal monthly installments of principal and interest, due on or before the last day of each month, in an amount that will fully amortize such Holder of an "Allowed Priority Tax Claim" over a period of such that the last payment is within five (5) years from the date of the first payment under this section. The first payment to Holders of Allowed Priority Tax Claims will be due on the Effective Date. All Allowed Priority Tax Claims shall bear interest at the rate of four percent (4%) per annum.

3.04 <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. § 1930(a)(6) (US Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured Claim of Bill Isaac | Unimpaired | Mr. Isaac's Claim was listed as disputed contingent and unliquidated. Mr. Isaac failed a claim in this and therefore he is entitled to receive no distribution under Plan |
| Class 2 - Secured Claim of Countrywide Home Lending | Unimpaired | Debt is not owed by Debtors as property has been foreclosed by Bill Isaac |

| | | |
|---|---|---|
| Class 3 - Secured Claims of the City of El Paso Tax Assessor/ Collector | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date. |
| Class 4 - Secured Claim of the City of El Paso Tax Assessor/ Collector | Impaired | Debt is not owed by Debtors as property has been transferred to Countrywide Home Lending |
| Class 5 - Secured Claim of Countrywide Home Lending | Impaired | Debtors shall transfer Debtors shall transfer Countrywide Home Lending the following property in full satisfaction of the Debtor's Financial Obligations: House and lot located at 51 Sierra Crest Drive, El Paso, Texas. |
| Class 6 - Secured Claim of Dona Ana County | Impaired | Debt will be paid in full on the Effective Date. |
| Class 7 - Secured Claim of El Paso Area Teachers Federal Credit Union | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 8 - Secured Claim of Hudspeth Appraisal District | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 9 - Secured Claim of New Century Mortgage Co. | Impaired | Duplicate claim of Countrywide Home Lending. |
| Class 10- Secured Claim of Onyx Acceptance Corp. | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 11- Secured Claim of State of New Mexico. | Impaired | |

| Class 12- Secured Claim Vacation Break Resorts & Club | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
|---|---|---|
| Class 13- Secured Claim Wyndham Vacation Resorts | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
| Class 14- Secured Claim Wyndham Vacation Resorts | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
| Class 15 - Unsecured Claims | Impaired | Claims will be paid in sixty (60) equal monthly installments of $ _____ pro-rata beginning on the first day of the first full month following the Effective Date |
| Class 16 - Interest of the Debtors in Property of the Estate | Impaired | The Equity Security Holders in the Debtors will retain their interest in the Property of the Estate |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date]:

[List assumed executory contracts and/or unexpired leases.]

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 (a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date]. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than _____ (\_\_\_\_) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

8.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

[8.06   Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01   .Discharge. On the Confirmation of this Plan, the Debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in **§** 114a(d)(1)(A) of the Code, Except that the Debtors will not be discharged from any debt: (I) imposed by this Plan; (ii) of a kind specified in **§** 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in **§** 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

There are no other provisions.

**DATED: April 8, 2010.**

                                        Respectfully submitted,

                                  By:  /s/ Joe Jesse Monge
                                         JOE JESSE MONGE

                                  By:   /s/Rosana Elena Monge
                                         ROSANA ELENA MONGE

ATTORNEYS FOR DEBTORS
JOE JESSE MONGE AND
ROSANA ELENA MONGE:

SIDNEY DIAMOND, P.C.


By: /s/ Sidney J. Diamond
Sidney J. Diamond
Attorney For Debtor
Texas Bar Card No.: 5803000
3800 N. Mesa, Suite C-4
El Paso, Texas 79902
915-532-3327 Voice
915-532-3355  Fax
Sidney@sidneydiamond.com   Email

**PLAN OF REORGANIZATION, Page - 8**
**100401 Plan of Reorganization.wpd**