## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE:

JOE JESSE MONGE and
ROSANA ELENA MONGE,

Debtors.

CASE NO. 09-30881

CHAPTER 11

## JOE JESSE MONGE AND ROSANA ELENA MONGE'S DISCLOSURE STATEMENT DATED APRIL 8, 2010

*Table of Contents*

I.   **INTRODUCTION** ................................................................................................. 3
    A.   **Purpose of This Document** ........................................................ 3
    B.   **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing** .......................................................................... 4
        1.   *Time and Place of the Hearing to Finally Approve This Disclosure Statement and Confirm the Plan* ......................... 4
        2.   *Deadline For Voting to Accept or Reject the Plan* ............ 4
        3.   *Deadline For Objecting to the Adequacy of Disclosure and Confirmation of the Plan* ...................................................................... 4
        4.   *Identity of Person to Contact for More Information* .......... 5
    C.   **Disclaimer** ................................................................................. 5

II.  **BACKGROUND** ................................................................................................. 5
    A.   **Description and History of the Debtor's Business** ................ 5
    B.   **Insiders of the Debtor** ............................................................. 5
    C.   **Management of the Debtor Before and During the Bankruptcy** ........ 7
    D.   **Events Leading to Chapter 11 Filing** ................................... 7
    E.   **Significant Events During the Bankruptcy Case** ................. 7
    F.   **Projected Recovery of Avoidable Transfers** ....................... 8
    G.   **Claims Objections** .................................................................. 8
    H.   **Current and Historical Financial Conditions** ..................... 8

III.  SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS ...................................................................... 8
    A.   **What is the Purpose of the Plan of Reorganization?** ......... 8

DISCLOSURE STATEMENT, Page - 1
100408 Disclosure Statement.wpd

B.   **Unclassified Claims** ................................................. 8
   1.  *Administrative Expenses* .............................. 8
   2.  *Priority Tax Claims* ..................................... 9
C.   **Classes of Claims and Equity Interests** ................. 9
   1.  *Classes of Secured Claims* ......................... 9
   2.  *Classes of General Unsecured Claims* ........... 10
   3.  *Class of Equity Interest Holders* ................... 11
D.   **Means of Implementing the Plan** ........................ 11
   1.  *Source of Payments* .................................. 11
   2.  *Post-confirmation Management* .................... 11
E.   **Risk Factors** .................................................. 11
F.   **Executory Contracts and Unexpired Leases** ........... 12
G.   **Tax Consequences of Plan** ................................ 12

IV.  **CONFIRMATION REQUIREMENTS AND PROCEDURES** ........ 13
A.   **Who May Vote or Object** .................................. 13
   1.  *What Is an Allowed Claim or an Allowed Equity Interest?* ................................ 13
   2.  *What Is an Impaired Claim or Impaired Equity Interest?* ................................. 14
   3.  *Who is **Not** Entitled to Vote* ..................... 14
   4.  *Who Can Vote in More Than One Class* .......... 14
B.   **Votes Necessary to Confirm the Plan** .................. 14
   1.  *Votes Necessary for a Class to Accept the Plan* ........ 15
   2.  *Treatment of Nonaccepting Classes* ............... 15
C.   **Liquidation Analysis** ....................................... 15
D.   **Feasibility** ................................................... 15
   1.  *Ability to Initially Fund Plan* ...................... 15
   2.  *Ability to Make Future Plan Payments and Operate Without Further Reorganization* ................................ 16

V.  **EFFECT OF CONFIRMATION OF PLAN** ....................... 16
A.   **Discharge of Debtor** ...................................... 16
B.   **Modification of Plan** ...................................... 16
C.   **Final Decree** ............................................... 16

VI.  **OTHER PLAN PROVISIONS** ................................... 17

**DISCLOSURE STATEMENT, Page - 2**
100408 Disclosure Statement.wpd

# I.INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the small business Chapter 11 case of Joe Jesse Monge and Rosana Elena Monge (the "Debtors"). This Disclosure Statement contains information about the Debtors and describes the Joe Jesse Monge and Rosana Elena Monge's Plan of Reorganization Dated April 8, 2010 (the "Plan") filed by the Debtors on April 8, 2010. A full copy of the Plan is attached to this Disclosure Statement as Exhibit "A". *Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.*

The proposed distribution under the Plan are discussed at pages ___ - ___ of this Disclosure Statement. [General unsecured creditors are classified in Class 14, and will receive a distribution of 100% of their allowed claims, to be distributed as follows _____.]

A.    **Purpose of This Document**

This Disclosure Statement describes:

- The Debtors and significant events during the bankruptcy case,
- How the Plan proposes to treat claims or equity interest of the type your hold (*i.e.* what you will receive on your claim or equity interest if the plan is confirmed).
- Who can vote on or object to the Plan,
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
- Why Joe Jesse Monge and Rosana Elena Monge believe the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

B.    **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

1.    *Time and Place of the Hearing to Approve This Disclosure Statement and Confirm the Plan*

**DISCLOSURE STATEMENT, Page - 3**
**100408 Disclosure Statement.wpd**

The hearing at which the Court will determine whether to [finally approve this Disclosure Statement and] confirm the Plan will take place on the _____ day of _____, 2010, at _____ o'clock __.m. at the United States Bankruptcy Court, 8515 Lockheed, El Paso, Texas 79925.

2.  *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to Sidney J. Diamond at Sidney Diamond, P.C. 3800 N. Mesa, Suite C-4, El Paso, TX 79902.  See Section IV.A. below for a discussion of voting eligibility requirements.

Your ballot must be received by _____, 2010, or it will not be counted.

3.  *Deadline for Objecting to the Adequacy of Disclosure and Confirmation of the Plan.*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon Debtors and Debtors' Attorney by _____, 2010.

4   *Identity of Persons to Contact for More Information.*

If you want additional information about the Plan, you should contact Sidney J. Diamond of Sidney Diamond, P.C., 3800 N. Mesa, Suite C-4, El Paso, TX 79902 (915) 532-3327 (Office) or (915) 532-3355 (Fax) sidney@sidneydiamond.com (E-mail).

**C.  Disclaimer**

**The Court has [conditionally] approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms.  The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. [The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan.  Objections to the adequacy of this Disclosure Statement may be filed until _____.]**

II.  **BACKGROUND**

A.  **Description and History of the Debtors' Business**

The Debtors are individuals.  Since April 27, 2009, the Debtor, Joe Jesse Monge is disabled and has been receiving disability income.  The Co-Debtor, Rosana Elena Monge is a

**DISCLOSURE STATEMENT, Page - 4**
**100408 Disclosure Statement.wpd**

medical student in her final year of medical school and is employed full-time as a Nurse Practitioner with the VA.

B.    **Insiders of the Debtors**

There are no insiders of the Debtors.

C.    **Management of the Debtor Before and During the Bankruptcy**

None.

D.    **Events Leading to Chapter 11 Filing.**

The two events leading to the filing of this chapter 11 case, the failure of the Debtors to file income taxes for a number of years and the Debtors entering into a real estate contract to purchase property located at 105 Thoroughbred in Santa Teresa, New Mexico and entered into a rental agreement with Alicia Rojas and Javier Jayme.  Ms. Rojas and Mr. Jayme failed to pay the rent on the property and because mail had been diverted to Ms. Rojas' address the Debtors were not aware that the property had been posted for foreclosure. Debtors had to pay $20,000 to avoid the foreclosure and enter into a payment agreement to bring the claim current.  Debtors were forced to file this Chapter 11 to protect their interest in the property.

E.    **Significant Events During the Bankruptcy Case**

[Describe significant events during the Debtors' bankruptcy case:

- Describe any asset sales outside the ordinary course of business, debtor in possession financing, or cash collateral orders.
- Identify the professionals approved by the Court.
- Describe any adversary proceedings that have been filed or other significant litigation that has occurred (including contested claim disallowance proceedings), and any other significant legal or administrative proceedings that are pending or have been pending during the case in a forum other than the Court.
- Describe any steps taken to improve operations and profitability of the Debtor.
- Describe other events as appropriate.]

F.    **Projected Recovery of Avoidable Transfers (Choose the Option that applies]**

The Debtors do not intent to pursue preference, fraudulent conveyance, or other avoidance actions.

G.    **Claims Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if any objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

H.    **Current and Historical Financial Conditions**

The identity and fair market value of the estate's assets are listed in Exhibit B.

1. House and lot located at 105 Thoroughbred, Santa Teresa, NM 88008 - $750,000.00
2. House and lot located at 51 Sierra Crest, El Paso, TX 79902 - $
3. Gateway North Lot - $6,500.00
4. Tierra Del Sol Lot, Hudspeth County - unimproved lot - $5,571.00
5. Wyndham Vacation Resorts Time Share - $30,000.00
6. Star Island Condo - Vacation Break Resorts Time Share - $30,000.00

The Debtors' most recent financial statements, if any, issued before the bankruptcy, each of which was filed with the Court, are set forth in Exhibit C.

The most recent post-petition operating report filed since the commencement of the Debtors' bankruptcy case is set forth in Exhibit D.A summary of the Debtors' periodic operating reports filed since the commencement of the Debtors' bankruptcy case is set forth in Exhibit D.

III.   **SUMMARY OF THE PLAN OR REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS**

A.    **What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

B.    **Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

1.    *Administrative Expenses*

**DISCLOSURE STATEMENT, Page - 6**
100408 Disclosure Statement.wpd

Administrative expenses are costs or expenses of administering the Debtors' Chapter 11 case which are allowed under § 507 of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

C.      **Classes of Claims and Equity Interests**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

1.      *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less that the amount of the creditor's allowed claim, the deficiency will [be classified as a general unsecured claim].

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|------------|-----------|
| Class 1 - Secured Claim of Bill Isaac | Unimpaired | Mr. Isaac's Claim was listed as disputed contingent and unliquidated. Mr. Isaac failed a claim in this and therefore he is entitled to receive no distribution under Plan |
| Class 2 - Secured Claim of Countrywide Home Lending | Unimpaired | Debt is not owed by Debtors as property has been foreclosed by Bill Isaac |
| Class 3 - Secured Claims of the City of El Paso Tax Assessor/ Collector | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date. |

**DISCLOSURE STATEMENT, Page - 7**
100408 Disclosure Statement.wpd

| | | |
|---|---|---|
| Class 4 - Secured Claim of the City of El Paso Tax Assessor/ Collector | Impaired | Debt is not owed by Debtors as property has been transferred to Countrywide Home Lending |
| Class 5 - Secured Claim of Countrywide Home Lending | Impaired | Debtors shall transfer Debtors shall transfer Countrywide Home Lending the following property in full satisfaction of the Debtor's Financial Obligations: House and lot located at 51 Sierra Crest Drive, El Paso, Texas. |
| Class 6 - Secured Claim of Dona Ana County | Impaired | Debt will be paid in full on the Effective Date. |
| Class 7 - Secured Claim of El Paso Area Teachers Federal Credit Union | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 8 - Secured Claim of Hudspeth Appraisal District | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 9 - Secured Claim of New Century Mortgage Co. | Impaired | Duplicate claim of Countrywide Home Lending. |
| Class 10- Secured Claim of Onyx Acceptance Corp. | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 11- Secured Claim of State of New Mexico. | Impaired | |
| Class 12- Secured Claim Vacation Break Resorts & Club | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |

**DISCLOSURE STATEMENT, Page - 8**
100408 Disclosure Statement.wpd

| Class 13- Secured Claim Wyndham Vacation Resorts | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
|---|---|---|
| Class 14- Secured Claim Wyndham Vacation Resorts | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
| Class 15 - Unsecured Claims | Impaired | Claims will be paid in sixty (60) equal monthly installments of $ _____ pro-rata beginning on the first day of the first full month following the Effective Date |
| Class 16 - Interest of the Debtors in Property of the Estate | Impaired | The Equity Security Holders in the Debtors will retain their interest in the Property of the Estate |

> 3. *Class of Equity Interest Holders*

Class 5 consists of the holders of the common capital stock in the Debtor. The equity security holders will retain their interest in the Debtor. Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor.

> D. **Means of Implementing the Plan**

>> 1. *Source of Payments*

Payments and distributions under the Plan will be funded by the future income of the Debtors.

> E. **Risk Factors**

The proposed Plan has the following risks:

The Debtors' greatest risk is that Mrs. Monge may not be able to pass her medicals and unable to obtain an increase in pay at the VA or open the medical clinic.

> F. **Executory Contracts and Unexpired Leases**

**DISCLOSURE STATEMENT, Page - 9**
**100408 Disclosure Statement.wpd**

There are no executory contracts or unexpired leases that the Debtors will assume under the Plan

G.    **Tax Consequences of Plan**.

It is not practical nor is it intended by this general discussion to present herein a detailed explanation of the Federal Income Tax aspects of this Plan . In addition, although the following discussion is based upon the relevant provisions of the Internal Revenue Code of 1954, as amended (the "Code"), regulations promulgated by the Internal Revenue Service pursuant to the Code ("Regulations") the Bankruptcy Tax Act of 1986 (as amended), the Revenue Reconciliation Act of 1993, the Economic Growth and Tax Reconciliation Act of 2001, the Jobs and Growth Tax Relief Reconciliation Act of 2003 and judicial administrative interpretations thereof presently in effect, in some cases the proper interpretation of such authority or their application to particular factual situations is unclear. Moreover, each Creditor is cautioned that this discussion is based in part on the provision of the Tax Reform Acts of 1984, 1986, 1993, 2001 and 2003 which have been enacted into law, and as to which, there are, to date, varying judicial or administrative interpretations. As a result of the foregoing, under current law, there is substantial uncertainty surrounding many of the tax consequences applicable to the various payments to be made under this Plan . Additionally, Creditors are further advised that no ruling has been requested or obtained from the Internal Revenue Service (the "IRS") nor has an opinion of counsel been obtained by the Debtors with respect to the tax aspect of this Plan . For all of the foregoing reasons and because the Federal Income Tax consequences of this Plan  will depend in part upon certain factual matters unknown to the Debtors relating to each particular creditor, **EACH CREDITOR IS URGED TO SEEK ADVICE FROM HIS OR ITS OWN TAX ADVISER WITH RESPECT TO THE FEDERAL INCOME TAX CONSEQUENCES OF THIS PLAN , AND, IF APPLICABLE, STATE AND LOCAL TAX CONSEQUENCES.**

## IV.  CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code.  These include the requirements that:  the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible.  These requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

A.    **Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

**DISCLOSURE STATEMENT, Page - 10**
100408 Disclosure Statement.wpd

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes [@@insert classes] are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes [@@insert classes] are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

1.    *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim in this case was 1/1/2009.**
**The deadline for filing objections to claims is 1/1/2009.**

2.    *What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3.    *Who is **Not** Entitled to Vote*

The holders of the following five types of claims and equity interests are *not* entitled to vote:

holders of claims and equity interests that have been disallowed by an order of the Court;

**DISCLOSURE STATEMENT, Page - 11**
100408 Disclosure Statement.wpd

holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

holders of claims or equity interests in unimpaired classes;

holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

holders of claims or equity interest in classes that do not receive or retain any value under the Plan;

administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.***

4.      *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B.      **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later in Section [B.2].

1.      *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2.      *Treatment of Nonaccepting Classes*

**DISCLOSURE STATEMENT, Page - 12**
**100408 Disclosure Statement.wpd**

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

C.      **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as Exhibit E. Because of the size of the claims of the Internal Revenue Service it is not possible for creditors to receive any distribution if this case were to be converted to one under chapter 7.

D.      **Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

1.      *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as Exhibit F.

2.      *Ability to Make Future Plan Payments and Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in Exhibit G.

**DISCLOSURE STATEMENT, Page - 13**
100408 Disclosure Statement.wpd

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual cash flow, after paying operating expenses and post-confirmation taxes, of _____ _____. The final Plan payment is expected to be paid on _____.

*You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.*

## V.   EFFECT OF CONFIRMATION OF PLAN

### A.   Discharge of Debtor

Discharge.  On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B).  After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

### B.   Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

### C.   Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

## VI.   OTHER PLAN PROVISIONS

None

**DATED: April 8, 2010.**

**DISCLOSURE STATEMENT, Page - 14**
**100408 Disclosure Statement.wpd**

Respectfully submitted,


By:  /s/ Joe Jesse Monge
      JOE JESSE MONGE


By:  /s/ Rosana Elena Monge
      ROSANA ELENA MONGE


ATTORNEYS FOR DEBTORS
JOE JESSE MONGE AND
ROSANA ELENA MONGE:

SIDNEY DIAMOND, P.C.

By:  /s/ Sidney J. Diamond
Sidney J. Diamond
Attorney For Debtor
Texas Bar Card No.: 5803000
3800 N. Mesa, Suite C-4
El Paso, Texas 79902
915-532-3327 Voice
915-532-3355 Fax
Sidney@sidneydiamond.com  Email


**DISCLOSURE STATEMENT, Page - 15**
**100408 Disclosure Statement.wpd**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE:

JOE JESSEE MONGE and
ROSANA ELENA MONGE,

        Debtors.

CASE NO.  09-30881

CHAPTER 11

## JOE JESSE MONGE AND ROSANA ELENA MONGE'S
## PLAN OF REORGANIZATION, DATED APRIL 8, 2010

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Joe Jesse Monge and Rosana Elena Monge, (the "Debtors") from cash flow from future income of the Debtors.

This Plan provides for 14 classes of secured claims; 1 classes of unsecured claims; and no classes of equity security holders. Unsecured creditors holding allowed claims are addressed in class 14 and will be paid in full over a period of 5 1/2 years. This Plan also provides for the payment of administrative and priority claims to be paid in full on the Effective Date or to the extent permitted by the Code or the claimant's agreement, with the exception of Debtors' counsel. The Debtors estimate that fees and expenses of their counsel, who has agreed to be paid in 12 equal monthly installments

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    <u>Class 1.</u>      The claim of Bill Isaac, to the extent allowed as a secured claim under § 506 of the Code.

**PLAN OF REORGANIZATION, Page - 1**
100401 Plan of Reorganization.wpd


EXHIBIT A

2.02  Class 2.  The claim of Countrywide Home Lending, to the extent allowed as an secured claim under § 506 of the Code.

2.03  Class 3.  The claim of the City of El Paso Tax Assessor/Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.04  Class 4.  The claim of the City of El Paso Tax Assessor/Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.05  Class 5.  The claim of the Countrywide Home Lending, to the extent allowed as a secured claim under § 506 of the Code.

2.06  Class 6.  The claim of Dona Ana County, to the extent allowed as a secured claim under § 506 of the Code.

2.07  Class 7.  The claim of the El Paso Area Teachers Federal Credit Union, to the extent allowed as a secured claim under § 506 of the Code.

2.08  Class 8.  The claim of the Hudspeth Appraisal District, to the extent allowed as a secured claim under § 506 of the Code.

2.09  Class 9.  The claim of the New Century Mortgage Corp, to the extent allowed as a secured claim under § 506 of the Code.

2.10  Class 10.  The claim of the Onyx Acceptance Corp, to the extent allowed as a secured claim under § 506 of the Code.

2.11  Class 11.  The claim of the State of New Mexico, to the extent allowed as a secured claim under § 506 of the Code.

2.12  Class 12.  The claim of Vacation Break Resorts & Club, to the extent allowed as a secured claim under § 506 of the Code.

2.13  Class 13.  The claim of the Wyndam Vacation Resorts, to the extent allowed as a secured claim under § 506 of the Code.

2.14  Class 14.  The claim of the Wyndam Vacation Resorts to the extent allowed as a secured claim under § 506 of the Code.

2.15  Class 15.  Unsecured claims allowed under § 506 of the Code.

2.16  Class 16.  The interests of the individual Debtors in property of the Estate.

**PLAN OF REORGANIZATION, Page - 2**
**100401 Plan of Reorganization.wpd**

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    Priority Tax Claims. Each Holder of an Allowed Priority Tax Claim arising before the Petition Date shall be paid in equal monthly installments of principal and interest, due on or before the last day of each month, in an amount that will fully amortize such Holder of an "Allowed Priority Tax Claim" over a period of such that the last payment is within five (5) years from the date of the first payment under this section. The first payment to Holders of Allowed Priority Tax Claims will be due on the Effective Date. All Allowed Priority Tax Claims shall bear interest at the rate of four percent (4%) per annum.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (US Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured Claim of Bill Isaac | Unimpaired | Mr. Isaac's Claim was listed as disputed contingent and unliquidated. Mr. Isaac failed a claim in this and therefore he is entitled to receive no distribution under Plan |
| Class 2 - Secured Claim of Countrywide Home Lending | Unimpaired | Debt is not owed by Debtors as property has been foreclosed by Bill Isaac |

**PLAN OF REORGANIZATION, Page - 3**
**100401 Plan of Reorganization.wpd**

| | | |
|---|---|---|
| Class 3 - Secured Claims of the City of El Paso Tax Assessor/ Collector | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date. |
| Class 4 - Secured Claim of the City of El Paso Tax Assessor/ Collector | Impaired | Debt is not owed by Debtors as property has been transferred to Countrywide Home Lending |
| Class 5 - Secured Claim of Countrywide Home Lending | Impaired | Debtors shall transfer Debtors shall transfer Countrywide Home Lending the following property in full satisfaction of the Debtor's Financial Obligations: House and lot located at 51 Sierra Crest Drive, El Paso, Texas. |
| Class 6 - Secured Claim of Dona Ana County | Impaired | Debt will be paid in full on the Effective Date. |
| Class 7 - Secured Claim of El Paso Area Teachers Federal Credit Union | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 8 - Secured Claim of Hudspeth Appraisal District | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 9 - Secured Claim of New Century Mortgage Co. | Impaired | Duplicate claim of Countrywide Home Lending. |
| Class 10- Secured Claim of Onyx Acceptance Corp. | Impaired | Claim is not owed by Debtors as the debt has been paid in full. |
| Class 11- Secured Claim of State of New Mexico. | Impaired | |

**PLAN OF REORGANIZATION, Page - 4**
**100401 Plan of Reorganization.wpd**

| Class 12- Secured Claim Vacation Break Resorts & Club | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
| Class 13- Secured Claim Wyndham Vacation Resorts | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
| Class 14- Secured Claim Wyndham Vacation Resorts | Impaired | Claim will be paid in sixty (60) equal monthly installments beginning on the first day of the first full month following the Effective Date |
| Class 15 - Unsecured Claims | Impaired | Claims will be paid in sixty (60) equal monthly installments of $ _____ pro-rata beginning on the first day of the first full month following the Effective Date |
| Class 16 - Interest of the Debtors in Property of the Estate | Impaired | The Equity Security Holders in the Debtors will retain their interest in the Property of the Estate |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

    5.01 <u>Disputed Claim.</u>  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

    5.02 <u>Delay of Distribution on a Disputed Claim.</u>  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

    5.03 <u>Settlement of Disputed Claims.</u>  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLAN OF REORGANIZATION, Page - 5**
**100401 Plan of Reorganization.wpd**

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date]:

[List assumed executory contracts and/or unexpired leases.]

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 (a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date].  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than _____( ___ ) days after the date of the order confirming this Plan.

**ARTICLE VII**
**MEANS FOR IMPLEMENTATION OF THE PLAN**


**ARTICLE VIII**
**GENERAL PROVISIONS**

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

8.02    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.


**PLAN OF REORGANIZATION, Page - 6**
**100401 Plan of Reorganization.wpd**

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

[8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01    .Discharge.  On the Confirmation of this Plan, the Debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 114a(d)(1)(A) of the Code, Except that the Debtors will not be discharged from any debt: (I) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

There are no other provisions.

**DATED: April 8, 2010.**

Respectfully submitted,

By:   /s/ Joe Jesse Monge
JOE JESSE MONGE

By:   /s/Rosana Elena Monge
ROSANA ELENA MONGE

**PLAN OF REORGANIZATION, Page - 7**
**100401 Plan of Reorganization.wpd**

ATTORNEYS FOR DEBTORS
JOE JESSE MONGE AND
ROSANA ELENA MONGE:

SIDNEY DIAMOND, P.C.


By: /s/ Sidney J. Diamond
Sidney J. Diamond
Attorney For Debtor
Texas Bar Card No.: 5803000
3800 N. Mesa, Suite C-4
El Paso, Texas 79902
915-532-3327 Voice
915-532-3355  Fax
Sidney@sidneydiamond.com  Email

**PLAN OF REORGANIZATION, Page - 8**
100401 Plan of Reorganization.wpd