**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**JOE JESSE MONGE and ROSANA ELENA MONGE,**<br><br>Debtor. | **Case No. 09-30881**<br><br>**Small Business Case Under Chapter 11** |

<u>**JOE JESSE MONGE AND ROSANA ELENA MONGE'S PLAN OF REORGANIZATION, DATED 5/10/2010**</u>

ARTICLE I
<u>SUMMARY</u>

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Joe Jesse Monge and Rosana Elena Monge, (the "Debtor") from the future income of the Debtors.

This plan provides for 10 classes of secured claims; 1 classes of unsecured claims; and 1 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims. The fees and expenses of the United States Trustee will be paid in full on the Effective Date

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
<u>CLASSIFICATION OF CLAIMS AND INTERESTS</u>

  2.01 <u>Class 1.</u> The claim of City of El Paso Tax Assessor/Collector, to the extent allowed as a secured claim under § 506 of the Code.

  2.02 <u>Class 2.</u> The claim of BAC, to the extent allowed as a secured claim under § 506 of the Code.

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 1**

  2.03 <u>Class 3.</u> The claim of BAC, to the extent allowed as a secured claim under § 506 of the Code.

  2.04 <u>Class 4.</u> The claims of Dona Ana County to the extent allowed as a secured claim under § 506 of the Code.

  2.05 <u>Class 5.</u> The claim of El Paso Area Teachers Federal CU, to the extent allowed as a secured claim under § 506 of the Code.

  2.06 <u>Class 6.</u> The claim of Hudspeth Appraisal District to the extent allowed as a secured claim under § 506 of the Code.

  2.07 <u>Class 7.</u> The claim of Onyx Acceptance Corp., to the extent allowed as a secured claim under § 506 of the Code

  2.08 <u>Class 8.</u> The claim of State of New Mexico, to the extent allowed as a secured claim under § 506 of the Code.

  2.09 <u>Class 9.</u> The claim of Metal Buildings, to the extent allowed as a secured claim under § 506 of the Code.

  2.010 <u>Class 10.</u> The claim of Vacation Break Resorts & Club, to the extent allowed as a secured claim under § 506 of the Code.

  2.08 <u>Class 11.</u> Unsecured claims allowed under § 502 of the Code.

  2.08 <u>Class 12.</u> The interests of the individual Debtor in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

  3.01 <u>Unclassified Claims</u>. Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

  3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors. The Debtors have incurred professional fees estimated at $20,000.00. Such fees and expenses, when allowed, will be paid in 12 equal monthly payments starting the first day of the month following the Effective Date.

  3.03 <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid Each hold of an Allowed Priority Tax Claim will be in paid in full in 60 equal monthly installments of

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 2**

principal and interest, with interest thereon at the rate of 4% per annum, beginning the first day of the month following the Effective Date.
.

    3.04   <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

    4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured claim of City of El Paso Tax Assessor/Collector | Impaired | The Allowed Secured Claim Of The City Of El Paso is secured by a first lien on the real property and all improvements located at 51 Sierra Crest, El Paso, Texas. The property will be surrendered on the Effective Date in full satisfaction of its claim. The mortgage holder will be required to pay such claim in order to gain clear title to the property or it will loose its interest in a foreclosure suit that will be brought by the taxing authority. |
| Class 2 - Secured Claim Of BAC Home Servicing LP | Impaired | The Allowed Claim Of BAC Home Servicing LP is secured by the real property and all improvements located at 51 Sierra Crest, El Paso, |

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 3**

| | | |
|---|---|---|
| | | Texas. The property will be surrendered on the Effective Date in full satisfaction of it Claim.. |
| Class 3 - Secured Claim OF BAC Home Servicing LP | Impaired | The Debtors have filed an adversary proceeding to establish their ownership of the property located at 105 Thorough Bred Court. The adversary also seeks eviction of the present occupant and damages in the form of rent. Upon the entry of a final non-appealable order establishing the Debtors ownership, evicting the present occupant the allowed Secured Claim will first be paid by paying all sums of money collected from the Defendant to BAC. The remaining balance shall be paid in 360 equal monthly installments of principal and interest, with interest thereon at the rate of 4.5 beginning the first day of the month following the conditions having been met as set forth above. If the above conditions are not satisfied the property will returned to the claimant in full satisfaction of their claim. |

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 4**

| | | |
|---|---|---|
| Class 4 - Dona Anna County | Impaired | The tax authority has filed two claims, one in the amount of $8,831.38 and one in the amount of $6,820.52. The first of the claims is filed against a corporation that owned the real property located on Country Cove Townhouses, and the second of which is against the same property. The property has been foreclosed upon during which process the taxes were paid in full. The Debtor will object to these claims. To the extent that the claimant has an allowed claim it will be paid in 60 equal monthly installments of .principal and interest, with interest at the rate of 4% beginning the first day of the month following the Effective Date. |
| Class 5 - Secured claim of El Paso Area Teachers Federal CU | Impaired | The Allowed Secured Claim of El Paso Area Teachers Federal CU is presently being paid Mr. Monge disability insurance. It is anticipated that this claim will continue to such claim until it is paid in full |
| Class 6 - Secured claim of Hudspeth Appraisal District | Impaired | The Allowed Secured Claim Of Hudspeth Appraisal District in the amount of $110.54 shall be paid in full on the Effective Date. |

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 5**

| | | |
|---|---|---|
| Class 7 - Secured claim of Onyx Acceptance Corp. | Impaired | The Debtors will object to this claim as having been paid in full. To the extent that this claimant has an allowed secured claim it will be paid in 60 equal monthly installments of principal and interest, with interest at the rate of 5.25% beginning the first day of the month following the Effective Date. |
| Class 8 - Secured claim of State of New Mexico | Impaired | The allowed secured claim it will be paid in 60 equal monthly installments of principal and interest, with interest at the rate of 4% beginning the first day of the month following the Effective Date. |
| Class 9 - Secured Claim of Metal Building | Impaired | This claim is believed to be Unsecured and the Debtors will object to the claim on that basis and will further object to the claim on the basis they are not indebted to the claimant. To the extent that the claimant has an allowed Unsecured Claim it will be paid in 120 monthly installments of principal and interest, with interest thereon at the rate of 4% beginning the first dat of the month following the Effective Date. |
| Class 10 - Secured claim of Vacation Break Resorts & Club | Unimpaired | The allowed secured claim it will be paid in 120 equal monthly installments of |

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 6**

| | | |
|---|---|---|
| | | principal and interest, with interest at the rate of 5.25% beginning the first day of the month following the Effective Date. |
| Class 11 - General Unsecured Creditors | Impaired | Class 11 will be paid in full in 96 equal monthly installments, prorata, beginning the first day of the month following the Effective Date. |
| Class 12 - The interest of the Debtors in property of the estate. | Unimpaired | The Debtors will retain their interest in all property. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 7**

| Party | Description of Contract | Election |
|---|---|---|
|  | None |  |

      (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

| Party | Description of Contract | Election |
|---|---|---|
|  | None |  |

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

      7.01    <u>Implementation Of The Plan.</u>    The Plan will be funded from the future income of the Debtors.

## ARTICLE VIII
## GENERAL PROVISIONS

      8.01    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

      8.02    <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

      8.03    <u>Severability</u>. If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforcebililty and operative effect on any other provision of this Plan.

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 8**

      8.04   <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.05   <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**ARTICLE IX**
**<u>DISCHARGE</u>**

      9.01   <u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) or the Code. The Debtor will be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**ARTICLE X**
**<u>OTHER PROVISIONS</u>**

None

Dated: May, 2010

                                                 DEBTORS

                                                 /s/ Joe Monge
                                                 Joe Monge

                                                 /s/ Rosanna Elena Monge
                                                 Rosanna Elena Monge

ATTORNEYS FOR DEBTORS:

SIDNEY J. DIAMOND, P.C.

By: /s/ Sidney J. Diamond
    Sidney J. Diamond
    Texas Bar No.: 05803000
    3800 N. Mesa, Suite C-4
    El Paso, Texas 79902
    (915) 532-3327   (Voice)
    (915) 532-3355   (Fax)
    sidney@sidneydiamond.com

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, Page - 10**